**Bart DIDDEN, et al., Plaintiffs–Appellants,**

v.

**THE VILLAGE OF PORT CHESTER, et al., Defendants–Appellants.**

**No. 04–3485–CV.**

United States Court of Appeals, Second Circuit.

April 5, 2006.

Richard L. O'Rourke, (Edward J. Phillips), Keane & Beane P.C., White Plains, New York, for Plaintiffs–Appellants, of counsel.

Brian J. Stone, (Mark S. Tulis), Oxman, Tulis, Kirkpatrick, Whyatt & Geiger, LLP, White Plains, New York, for Defendants–Appellees Napoli, Colangelo, Logan, DiRoberto, Crane, Ciccone, Sorenson, and the Board of Trustees for the Village of Port Chester, of counsel.

Alan D. Scheinkman, (William E. Dumke), DelBello Donnellan Weingarten, Tartaglia Wise & Wiederkehr, LLP, White Plains, New York, for Defendants–Appellees G & S Port Chester, LLC and Wasser, of counsel.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants appeal from a May 24, 2004 decision and order of the United States District Court for the Southern District of New York (Colleen McMahon, *J.*) dismissing their complaint alleging various constitutional violations under 42 U.S.C. § 1983 against the Village of Port Chester and others. We assume the parties' familiarity with the facts and procedural history in this case. We review the District Court's decision to grant a motion to dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) *de novo. Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir.2002).

In April 1998, Defendant–Appellee G & S Port Chester, LLC, ("G & S"), entered into a development agreement with Defendant–Appellee Village of Port Chester that named G & S as the designated developer of a marina redevelopment project. On July 14, 1999, after a public hearing, the Defendant–Appellee Village Board of Trustees adopted a resolution in which it made a finding of public purpose for condemnation of the properties located in the redevelopment district. In March 2003, Appellants discussed with representatives of a pharmacy chain the possibility of constructing a pharmacy on their property. A portion of Appellants' property adjoined

the redevelopment district and another portion lay within the redevelopment district. According to Appellants, at a November 2003 negotiation session with Defendants–Appellees G & S and Wasser, Wasser demanded $800,000 from them in order to avert a condemnation proceeding of their property within the redevelopment district, and offered to allow them to proceed if Defendants–Appellees were given a partnership interest in the project. Appellants refused both demands and, two days later, they received a petition seeking to condemn their property. On appeal, Appellants advance constitutional claims based on the Fifth and Fourteenth Amendments asserting, *inter alia*, that they have a right "not to have their property taken by the State through the power of eminent domain for a private use, regardless of whether just compensation is given."

█ The statute of limitations applicable to § 1983 claims in New York is three years. *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir.2004). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir.2001). Under federal law "a cause of action generally accrues 'when the plaintiff knows or has reason to know of the injury that is the basis of the action.'" *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir.2003) (quoting *Leon v. Murphy*, 988 F.2d 303, 309 (2d Cir.1993)). Appellants had reason to know of the basis of their injury when the Board announced its public purpose finding on July 14, 1999. Appellants, however, brought suit in January 2004, more than three years after the date their claims accrued, and thus their claims are time-barred. We reject Appellants' contention that their injury actually accrued in November 2003 when G & S and Wasser "first utilized their *de facto* eminent domain power against [them] in an effort to exact a cash payment or partnership interest" in the pharmacy project.

█ Moreover, even if Appellants' claims were not time-barred, to the extent that they assert that the Takings Clause prevents the State from condemning their property for a private use within a redevelopment district, regardless of whether they have been provided with just compensation, the recent Supreme Court decision in *Kelo v. City of New London*, ── U.S. ──, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005), obliges us to conclude that they have articulated no basis upon which relief can be granted. *See id.* at 2668 ("Just as we decline to second-guess the City's considered judgments about the efficacy of its development plan, we also decline to second-guess the City's determinations as to what lands it needs to acquire in order to effectuate the project."); *see also Rosenthal & Rosenthal Inc. v. New York State Urban Dev. Corp.*, 771 F.2d 44, 46 (2d Cir.1985). Finally, we agree with the district court that Appellees' voluntary attempts to resolve Appellants' demands was neither an unconstitutional exaction in the form of extortion nor an equal protection violation.

The district court properly dismissed the complaint on the ground that the Appellants' claims are time-barred. Accordingly, the judgment of the district court is hereby AFFIRMED.